UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL KENYON, | Case No. 1:21-cv-01426 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | |
| UNION HOME MORTGAGE CORP., | |
| Defendant. | |

## OPINION AND ORDER

In seeking a partial judgment on the pleadings against Plaintiff's claims, counsel for Defendant included a request at the end of his brief that the Court impose sanctions under Rule 11 against Plaintiff or his counsel. As a basis for this request, Defendant maintains that Plaintiff abandoned four claims pled in his complaint, demonstrating that he asserted them for improper purposes. However, counsel failed to comply with the procedural safeguards Rule 11 requires before making such a request. For that reason, and because the Court found that there were objective, non-frivolous arguments for extension or modification of existing law or establishing new law on the claims asserted in Count III (breach of contract), Count IV (retaliation in violation of public policy), Count V (constructive discharge), and Count VI (fraudulent inducement)—the claims Plaintiff abandoned in response to Defendant's motion for judgment on the pleadings—the Court did not impose sanctions on Plaintiff. (ECF No. 27, PageID #341.)

1

Because counsel failed to comply with Rule 11's procedural safeguards and the request for sanctions was so far outside the arguable realm of propriety, the Court ordered Defendant to show cause why its request for Rule 11 sanctions itself did not violate the Rule. In response to the Court's Order to Show Cause, counsel for Union Home Mortgage expressed regret for failing to comply with the prerequisites for a motion under Rule 11. (*See generally* ECF No. 31, PageID #368–69.) Also, counsel professed unfamiliarity with the safe-harbor provision of Rule 11. (*Id.*, ¶ 3, PageID #368.) At a hearing on February 17, 2017, counsel again expressed regret for the situation and stated that he was unaware of his firm's policy requiring prior approval for requests for Rule 11 sanctions.

## GOVERNING LEGAL STANDARDS

Rule 11 imposes an obligation that every "pleading, written motion, or other paper" submitted to a court, after reasonable inquiry, "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). In determining whether an attorney or party violates this rule, the Court applies an objective standard of reasonableness. *See Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) ("In this circuit, the test for imposition of Rule 11 sanctions is whether the attorney's conduct was reasonable under the circumstances.") (citing *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)). "[A]n attorney's good faith is not a defense." *Jackson v. Law Firm of O'Hara*, 875 F.2d 1224, 1229 (6th Cir. 1989).

The Court "is given wide discretion" to decide what constitutes objective reasonableness under the circumstances. *INVST Fin. Grp. Inc. v. Chem–Nuclear Sys.*, Inc., 815 F.2d 391, 401 (6th Cir. 1987). For a violation of this Rule, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Notwithstanding this language, the law of this Circuit mandates imposing sanctions for a violation of Rule 11. "If a district court concludes that Rule 11 has been violated, the court has no discretion and must impose sanctions." *INVST Fin. Grp.*, 815 F.2d at 401.

Beyond Rule 11, a district court has inherent authority to sanction bad-faith conduct. *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (quoting *Runfola & Assocs. v. Spectrum Reporting II*, 88 F.3d 368, 375 (6th Cir. 1996)). "[F]ederal courts have the inherent power to impose sanctions to prevent the abuse of the judicial process." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 502 (N.D. Ohio 2013). Where a party litigates in bad faith or for oppressive reasons, a court may invoke its inherent authority to impose sanctions. *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Such sanctions require finding that "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id.* (quoting *Smith v. Detroit Fed'n of Tchrs., Loc. 231*, 829 F.2d 1370, 1375 (6th Cir. 1987)). Although this standard overlaps to some degree with Rule 11,

overall it imposes a higher showing for the imposition of sanctions. *See, e.g., BDT Prods. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010).

## ANALYSIS

Rule 11 precludes filing a motion for sanctions for an alleged violation until the expiration of 21 days after service (but not filing) of the motion. Fed. R. Civ. P. 11(c)(2). This safe harbor affords an attorney the opportunity to correct any improper claim or representation without involving a court and promotes some minimal degree of professionalism and civility. As the Court noted in declining to sanction Plaintiff (ECF No. 27, PageID #341), Defendant did not comply with the procedure for requesting sanctions because it included its request for sanctions as part of its motion for judgment on the pleadings instead of filing a "motion for sanctions[, which] must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2).

Rule 11 is not a substitute for motion practice in the normal course or for good-faith negotiations and discussions between counsel to resolve or narrow issues, even where counsel represent parties between whom considerable animosity or bad blood has built up over a long period of time. Rule 11 raises serious matters qualitatively different from the everyday rough and tumble of litigation in even the most serious cases. For that reason, and others, the Rule has special procedural safeguards against its casual invocation.

The Court finds that Mr. Clagg, admittedly, did not know about the procedural requirements for a motion under Rule 11. Nor was he aware of his firm's policies

4

regarding Rule 11. Ignorance of the law is no excuse—particularly where allegations of the sort Rule 11 implicates come into play. *See Barlow v. United States*, 32 U.S. 404, 411 (1833). Even if one could request Rule 11 sanctions in good faith without properly investigating and researching the proper procedures for doing so, a proposition the Court very much doubts, "an attorney's good faith is not a defense." *Jackson*, 875 F.2d at 1229. However, the Court finds that counsel did not act in bad faith or out of an improper motive. For that reason, inherent authority sanctions are not warranted or appropriate. But bad faith is not the standard under Rule 11, reasonableness is. The Court is hard pressed to say that injecting Rule 11 into these proceedings through procedurally defective means of which counsel is unaware is objectively reasonable. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.").

For these reasons, the Court is constrained to find that Defendant's counsel, Mr. Clagg, violated Rule 11(b)(1) by including a request for sanctions at the end of Defendant's motion for judgment on the pleadings, which is facially defective and procedurally improper.

## SANCTION

Once the Court finds a violation of Rule 11, "the court has no discretion and must impose sanctions." *INVST Fin. Grp.*, 815 F.2d at 401. "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct." Fed. R. Civ. P. 11(c)(4). Based on the record, the Court has

considered the minimum sanction necessary to deter repetition of the conduct at issue, in this case and others, as well as a range of potential alternative sanctions, including but not limited to nonmonetary directives or a reprimand.

As a sanction, the Court **ORDERS** Mr. Clagg to complete 2.5 hours of ethics-based legal training that qualifies for continuing legal education credit in Ohio within 60 days from the date of this Order and to certify his compliance by providing certificates of completion and other appropriate documentation to the Court.

## CONCLUSION

For the foregoing reasons, the Court is constrained to find a violation of Rule 11(b). Within 60 days of the date of this Order, the Court **ORDERS** counsel to certify compliance with this Order.

**SO ORDERED.**

Dated: March 3, 2022

                        J. Philip Calabrese
                        United States District Judge
                        Northern District of Ohio